ROBINSON MILLER LLC
Keith J. Miller, Esq.
Michael Gesualdo, Esq.
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
(703) 714-7400

*Attorneys for Defendant Sunrise Senior Living*
*Management, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| REMEDIOS RAMIREZ,<br><br>              Plaintiff,<br><br>       V.<br><br>SUNRISE ASSISTED LIVING IN MORRIS PLAINS,<br><br>              Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL** |

Defendant Sunrise Senior Living Management, Inc.[1] ("Sunrise"), d/b/a Sunrise of Morris Plains, by counsel, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby gives notice of the removal to this Court of an action commenced against the Defendant in the Superior Court of New Jersey, Morris County, styled *Remedios Ramirez vs. Sunrise Assisted Living in Morris*

_____

[1] The named Defendant "Sunrise Assisted Living in Morris Plains" was not the Plaintiff's employer, as no such entity exists.  The Plaintiff was employed by Sunrise Senior Living Management, Inc., which operates the senior living community known as "Sunrise of Morris Plains" where the Plaintiff was employed.

*Plains*, Docket No. L-004-16 ("the State Court Action").  In support of this removal, Sunrise states as follows:

1.      On December 30, 2015, the Plaintiff filed the State Court Action *pro se*.  A copy of the Complaint, along with the Summons, is attached at Exhibit 1.

2.      On Friday, January 22, 2016, a local sheriff served the Summons and Complaint, attached at Exhibit 1, to Sunrise at its facility located at 209 Littleton Road, Morris Plains, New Jersey 07950.  Copies of all other documents supplied to Sunrise are attached at Exhibit 2: Civil Case Information Sheet and Notice of Track Assignment.

3.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a) and 1441 because: (a) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; (b) the Plaintiff's state of citizenship is different from Sunrise's state of citizenship; and (c) Sunrise is not a citizen of New Jersey, the state in which this action was brought.

4.      **<u>The amount in controversy exceeds $75,000.</u>**

a.      The Plaintiff has not specified in the Complaint the amount in damages that she seeks.  However, the amount sought exceeds $75,000, exclusive of interest and costs, given the nature of her claims and alleged damages.

b.      The Plaintiff has brought a claim of disability discrimination, apparently under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A 10:5-1, *et seq.*  The Plaintiff alleges that she was terminated shortly after being diagnosed with a disability.  (*See* Complaint, Exhibit 1, ¶¶ 1 and 3).

d.      The Plaintiff seeks "damages, together with attorney's fees, if applicable, costs of suit, and any other relief" the Court deems proper.  (*Id.* at *ad damnum* clause).

2

e.      The Plaintiff was classified as a full-time employee and generally worked between 37.5 and 40 hours per week at the time of her separation.  Sunrise paid her on an hourly basis at a rate of $18.07 per hour.  (*See* Declaration of Anna Marie Russo, ¶ 3, attached at Exhibit 3).  The Plaintiff alleges that Sunrise terminated her employment on February 18, 2015.  (*See* Complaint, Exhibit 1, ¶¶ 1 and 3).

f.      Based on 37.5 hours weekly at $18.07 per hour, the Plaintiff's lost wages from February 18, 2015, through the filing of her Complaint on December 30, 2015, is $30,493.13 (45 weeks).  Through February 22, 2016, the cumulative amount of her lost wages is $35,914.13 (53 weeks).   If Plaintiff is unable to find employment before trial, which we estimate would be approximately year from now, she will have lost a total of 105 weeks of wages.  Accordingly, her back pay damages alone would be approximately **$71,150.63**, based on 37.5 hours per week.

g.      Lost wages are supplemented by compensatory damages, punitive damages, and attorneys' fees when determining the amount in controversy.

h.      The Court may look to other New Jersey cases as evidence of the probable amounts sought in discrimination cases for compensatory damages, punitive damages, and attorneys' fees.  *See Mankodi v. Trump Marina Assocs., LLC,* 525 Fed. App'x 161, 164 (3d Cir. 2013) (unpublished) ("[C]ourts have examined jury verdicts to determine whether cases meet the jurisdictional threshold.") (attached at Exhibit 4).

i.      Sunrise cites the following cases from New Jersey courts as evidence of juries awarding substantial sums to plaintiffs for compensatory/emotional distress damages, punitive damages, and attorneys' fees in discrimination cases under the LAD and other employment statutes:  *Cancalosi v. Bd. of Educ. of the Twp. of Holmdel*, MONL-003959-08,

Monmouth Superior Court, October 08, 2013 ($800,000 in compensatory damages for pain and suffering for sexual orientation discrimination, retaliation, wrongful termination, hostile work environment, and intentional infliction of emotional distress); *Sedeyn v. City of Paterson*, No. PAS-L-1053-08, Passaic Superior Court, Aug. 23, 2010 ($250,000 for emotional distress damages for discrimination based on disability, which was related to pregnancy); *Onuoha v. Roche Molecular Sys. Inc.*, No. MID-L-7418-09, Middlesex Superior Court, Sept. 23, 2011 (for racial discrimination and retaliation, $250,000 in emotional distress damages and $268,702.50 in attorneys' fees); *Jablonski v. American Home Prod. Corp.*, MRS-L-1916-95, Morris County Superior Court, Oct. 1999 ($350,000 in emotional distress damages for age discrimination). (*See* Exhibit 5 for unpublished cases.)

   j. The amount in controversy regarding compensatory damages alone easily exceeds the $75,000 threshold.  The amounts for lost wages and punitive damages increase the amount even further beyond the threshold level.

   5. **Sunrise is not a New Jersey citizen and is diverse from the Plaintiff.**

   a. The State Court Action was brought in New Jersey.  The Plaintiff lists a New Jersey address in her Complaint and is thus presumably a citizen of New Jersey. (*See* Complaint, Exhibit 1).

   b. Defendant Sunrise Senior Living Management, Inc. is incorporated in Virginia with its principal place of business at 7902 Westpark Drive, McLean, Virginia 22102. (*See* Declaration of Marc Roder, ¶ 3, attached as Exhibit 6).  Sunrise is a citizen of Virginia and not a citizen of New Jersey.

   c. The citizenship of the named Defendant, Sunrise Assisted Living in Morris Plains, should be disregarded because no such entity exists.  The Plaintiff was employed

at the facility known as Sunrise of Morris Plains; employees of that facility were employed by

Sunrise Senior Living Management, Inc. (*See id*. at ¶ 4).

        d.      Accordingly, there is complete diversity between the parties and Sunrise is

not a citizen of New Jersey, the forum state.

*   *   *

6.      This Notice of Removal is timely filed within 30 days of service of the Complaint

on Defendant Sunrise Senior Living Management, Inc.

7.      The United States District Court for the District of New Jersey, Newark Vicinage,

embraces Morris County, New Jersey, where the State Court Action is pending.

8.      Copies of all process, pleadings, and orders served upon the Defendant in the State

Court Action are attached at Exhibits 1 and 2 and made part of this Notice by reference.

WHEREFORE, Defendant Sunrise Senior Living Management, Inc. requests that this

Court assume jurisdiction of this action and make such further orders as may be required to

properly determine this controversy.

Dated: February 19, 2016.           ROBINSON MILLER LLC


By:   */s/ Keith J. Miller*
        Keith J. Miller
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400
kmiller@rwmlegal.com

HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
(703) 714-7400

*Attorneys for Defendant Sunrise Senior Living Management, Inc.*

5

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  February 19, 2016                              ROBINSON MILLER LLC


                                             By:      */s/ Keith J. Miller*_____
                                                       Keith J. Miller

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused to be filed electronically with the United States District Court for the District of New Jersey and served by personal service, a copy of the within Notice of Removal, as well as a Notice of Filing of Removal, pursuant to 28 U.S.C. § 1446, upon:

> Remedios Ramirez
> 20 Sickle Street
> Dover, New Jersey 07801

Dated:  February 19, 2016                By:     */s/ Keith J. Miller*_____
                                                Keith J. Miller

7